IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Case Nos.   CV-05-295-S-BLW |
| | ) | CR-02-36-S-BLW |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| JONATHAN F. DILLARD, | ) | **AND ORDER** |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Pending before the Court are Defendant's Motion to Vacate (Docket No. 1), Motion to Amend Motion to Vacate (Docket No. 11), and the Government's Motion for Summary Judgment (Docket No. 12) to which Defendant-Petitioner ("Dillard") has filed a Response (Docket No. 13). Having reviewed the record, and being otherwise fully informed, the Court enters the following Order granting the Government's motion.

### BACKGROUND

On September 11, 2002, Dillard pled guilty, pursuant to a plea agreement, to one count of possession of child pornography in return for the Government's agreement to dismiss seventeen other felony counts involving receiving and

**Memorandum Decision and Order - 1**

transporting child pornography over the internet.  On February 20, 2003, the Probation Officer filed a Petition for Action on Conditions of Pretrial Release alleging certain violations of his conditions of release.  Docket No. 29 in Case No. CR-02-36-S-BLW.  On February 24, 2003, following an evidentiary hearing involving several witnesses, United States Magistrate Larry Boyle found by clear and convincing evidence that Dillard had violated conditions of release and ordered him detained.  Docket No. 32 in CR-02-36-S-BLW.  Given the seriousness of the violations, the Government then filed a Notice of Violation of Plea Agreement based on the findings that Dillard had used a computer to download child pornography and had had contact with children on several occasions.  Docket No. 33 in CR-02-36-S-BLW.

At sentencing on February 28, 2003, the Court denied Dillard's motion for downward departure based on diminished capacity, rejected a reduction for acceptance of responsibility based on the post-plea behavior, and imposed a sentence of 60 months, the statutory maximum.  Dillard did not appeal his sentence or conviction.  Dillard was represented by the Federal Defenders of Eastern Washington and Idaho (FDEWI), primarily Ms. Fredilyn Sison, through

**Memorandum Decision and Order - 2**

the plea and sentencing proceedings.[1]

On July 8, 2005, over two years after his conviction was final, Dillard filed his § 2255 Motion alleging (1) counsel's refusal to file a notice of appeal; (2) various other claims of ineffective assistance of counsel; (3) illegal and unconstitutional sentencing; (4) prosecutorial misconduct; (5) coerced plea to forfeiture count; and (6) breach of plea agreement.  Dillard subsequently filed a Motion to Appoint Counsel on the grounds that he is mentally disabled and requires assistance to present his claims.  Docket No. 3.

The Government was not directed to respond to the § 2255 Motion. However, the Government did oppose Dillard's Motion for Appointment of Counsel on the grounds that the § 2255 Motion was time-barred.  The Court found that Dillard had adequately alleged facts which, if proven, would entitle him to (1) equitable tolling on the grounds of mental incompetence thus triggering either discovery, expansion of the record, or an evidentiary hearing; and (2) relief for ineffective assistance of counsel based on refusal to file a notice of appeal.  Docket No. 5.  The Court then appointed counsel, Mr. Dennis Benjamin, and ordered an evidentiary hearing to determine (1) whether Dillard was entitled to equitable

---

[1] Although Ms. Sison left the FDEWI in the fall of 2002 to work for the Federal Defenders of the District of Nevada and Richard Rubin of FDEWI filed a notice of substitution of counsel, Ms. Sison ultimately represented Dillard through sentencing.

**Memorandum Decision and Order - 3**

tolling; and, if so, (2) whether he actually did tell his trial counsel to file a notice of appeal.

After obtaining transcripts of the plea and sentencing hearings and receiving information from trial counsel pursuant to the Court's Order for limited waiver of the attorney-client privilege (Docket No. 9), Dillard, through appointed counsel, filed a second § 2255 Motion (Docket No. 11) alleging the sole ground of ineffective assistance of counsel based on the alleged failure of trial counsel to file a notice of appeal. This Motion was docketed as a Motion to Amend. The Government subsequently filed the pending Motion for Summary Judgment.[2]

## MOTION TO AMEND MOTION TO VACATE

Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure may be applied to a § 2255 proceeding to the extent that they are not inconsistent with § 2255 or its rules. The Federal Rules of Civil Procedure provide that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . ." Fed. R. Civ. P. 15(a). Because the Government had not yet responded to Dillard's initial

---

[2] The summary judgment motion did not raise the time-bar issue, presumably because it wanted to dispose of this matter without a hearing. However, the Court notes that the documents submitted with the summary judgment motion indicate that Dillard was advised by letters from FDEWI of November 12 and 20, 2003 of his right to file a § 2255 motion and the one-year statute of limitations for doing so. *See* Docket No. 12-4 at 56-57; 60-61. He was further advised that the prison would have the necessary form for doing so. Docket No. 12-4 at 56-57. This would appear to cast serious doubt on his claims of entitlement to equitable tolling.

**Memorandum Decision and Order - 4**

§ 2255 Motion, Dillard was not required to move the Court for leave to file an amended motion. Accordingly, the Motion to Amend § 2255 Motion which is actually the § 2255 Motion filed by counsel, shall be considered and referred to as Dillard's Amended § 2255 Motion. Therefore, Dillard's initial § 2255 Motion is moot.

## MOTION FOR SUMMARY JUDGMENT

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." The Court may also dismiss the § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of

**Memorandum Decision and Order - 5**

the pleadings and an expanded record.  *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.  The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record.  *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

In his Amended § 2255 Motion, Dillard contends his January 31, 2003 letter delivered to FDEWI and faxed to Ms. Sison on that date constituted a request to file a notice of appeal.  *Amended § 2255 Motion*, Ex. A (Docket No. 11).  In the letter, delivered to counsel approximately one month prior to sentencing, Dillard expressed his disagreement with the calculations in the Presentence Report.  Specifically, Dillard objected to the use of relevant conduct from the dismissed charges in calculating his offense level.

The Government contends that Dillard's conclusory allegations do not warrant an evidentiary hearing and that the Court should summarily dismiss Dillard's Amended § 2255 Motion.  In support of its motion for summary judgment, the Government submitted a letter from Ms. Sison answering questions propounded by the Government relating to her representation of Dillard, numerous letters from Dillard to Ms. Sison and others at the Federal Defenders Office, and

**Memorandum Decision and Order - 6**

letters from Thomas Monaghan of FDEWI to Dillard. Docket Nos. 12-2, 12-3, and 12-4.

There is no factual dispute between the parties. It is obvious from the record that a notice of appeal was not filed. Dillard does not allege that he specifically requested counsel to file a notice of appeal after sentencing. Neither the Government nor Ms. Sison disputes Ms. Sison's receipt of the January 31, 2003 letter. Rather, the parties dispute the interpretation of the contents of that letter on which Dillard relies to support his claim that he requested counsel to file a notice of appeal. Accordingly, the motion can be decided on the expanded record without an evidentiary hearing. See *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

### A. Standard of Law

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. See *Strickland v. Washington*, 466 U. S. 668 (1984). An attorney's failure to file a notice of appeal despite a defendant's specific instructions to do so constitutes deficient performance. See *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)). Where a defendant does not instruct counsel to either file or not file a notice of appeal, the court must first

**Memorandum Decision and Order - 7**

determine whether counsel consulted with the defendant regarding an appeal. *Id. at 478*. If counsel has not done so, then the court must determine whether that failure to consult in and of itself constituted deficient performance. *Id.*

Counsel is not always constitutionally required to consult with a defendant regarding filing a notice of appeal. *Id.* at 479. For example, a sentencing court's instruction about the right to appeal may negate the necessity for such consultation. *Id.* at 479-80. Otherwise, counsel is constitutionally required to consult with a defendant about whether to file a notice of appeal "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), *or* (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known." *Id.* at 480 (emphasis added).

If counsel fails to consult with a defendant about an appeal in circumstances giving rise to the duty to consult, Defendant must demonstrate that he would have timely appealed but for counsel's failure to consult. *Id.* at 484. Evidence that a defendant sufficiently demonstrated an interest in appealing is not determinative that he would have instructed counsel to file a notice of appeal after receiving reasonable advice. *Id.* at 486.

**Memorandum Decision and Order - 8**

**B.     Discussion**

The Plea Agreement reflected the anticipation of the parties that the guideline range would be 27 to 33 months.  Docket No. 16 at ¶ 2 in CR-02-36-S-BLW.  However, the PSR calculated a guideline range of 51 to 63 months based on a cross reference to the trafficking guideline.[3]

The Plea Agreement also provided that Dillard waived "any right to appeal, or collaterally attack, pursuant to Title 28, United States Code Section 2255, the guilty plea and the judgment, except for a claim of ineffective assistance of counsel based upon facts learned after the guilty plea and for an illegal sentence under 18 U.S.C. § 3742.  Docket No. 16 at ¶ 20 in CR-02-36-S-BLW.

**1.     Deficient Performance**

After being informed of the range calculated by the Probation Officer, Dillard wrote the January 2003 letter to Ms. Sison in which he expressed his strong disagreement with the basis of the calculations and instructed Ms. Sison as follows:

> . . . if he [Probation Officer] is unwilling to conform to our disagreements, etc. we are filing the necessary paperwork for Breach of Contract & going to trial.  The same thing if the Judge adds more time . . . .

*Amended § 2255 Motion*, Ex. A (Docket No. 11).  In her letter to Mr. Peters, Ms.

---

[3] Because of the 5-year statutory maximum, the guideline range effectively became 51 to 60 months.

**Memorandum Decision and Order - 9**

Sison stated that after receiving that letter, she would have explained to Dillard that the sentencing guidelines would have allowed the cross-reference, that she would move for a downward departure rather than object to the cross-reference, and that she would contact Mr. Peters to work something out to convince the Judge to sentence below the guideline range. *Letter to Mr. Peters* at 2-3 (Docket No. 12-2).[4]

Ms. Sison indicated that she discussed filing an appeal of the sentence with Dillard. It is unclear when that conversation would have occurred. However, it appears it occurred prior to sentencing:

> Yes. I probably discussed his waivers during this conversation as well, and the likelihood of success. I would have reminded him of the 10-day notice requirement for a direct appeal. I probably would also have mentioned a 2255 motion. But I would have told him that I would not be able to continue as counsel because I was now with another office. . . .

*Letter to Mr. Peters* at 4-5 (Docket No. 12-2).

When asked if Dillard ever asked her to appeal his conviction, judgment, or sentence, she responded:

> I recall Mr. Dillard being very unhappy with the sentence. I would have discussed with him prior to sentencing how the violation of his pretrial release would impact the court's decision and certainly impact the government since [the government] filed a Notice of

---

[4] As mentioned above, Ms. Sison did subsequently move for downward departure. *See* Docket No. 28 in Case No. CR-02-36-S-BLW.

**Memorandum Decision and Order - 10**

> Violation of Plea Agreement (Docket No. 30). I cannot remember if he asked me after the sentencing hearing about an appeal, but if he did, I would have told him that he would have to ask FDEWI to do it for him for the reasons stated above. If he asked to appeal the case, I would have discussed with him the probability of success. I would have told him to contact FDEWI before the 10 days were up. I am certain that if he contacted the FDEWI to file a notice of appeal, it would have. If I believed Mr. Dillard wanted to appeal his case, I would have contacted Mr. Rubin or Mr. Monaghan to let (sic) this was Mr. Dillard's wish.

*Id.* at 5.

Although Ms. Sison states generally that she discussed an appeal with Dillard, she does not specify when this conversation occurred and she does not recall whether Dillard actually asked her to appeal after the sentencing hearing.[5] Indeed, Dillard apparently did not because he does not allege that he did so. Therefore, it appears that there was no post-sentencing consultation. Accordingly, the Court must determine whether a consultation was constitutionally required.

At the outset, the Court notes that it gave Dillard clear and informative instructions at the sentencing hearing about his appeal rights:

> THE COURT: Mr. Dillard, a defendant has a right to appeal their conviction, even if they pled guilty, if there was a defect or problem in the manner in which

---

[5] The Court recognizes that Ms. Sison was trying to recall events over three years in the past and that she either did not take notes of everything that happened or she was unable to locate them in the file provided by the FDEWI.

**Memorandum Decision and Order - 11**

>they pled guilty, and may also appeal any sentence which is contrary to law.
>
>You have entered into a plea agreement, which waives some of those rights. Such a waiver is generally enforceable, but you can argue to the contrary.
>
>If you desire to appeal, either to challenge the validity of the waiver or to perfect an appeal of an issue which was included in the plea agreement as something you could appeal, you must do so by filing a notice of appeal within ten days after judgment is entered in your case.
>
>If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you make that request – and what that boils down to, Mr. Dillard, is that if you can't afford to pay the cost of an appeal, you can apply with the Court to be deemed unable to pay the cost, in which case the Clerk of the Court will prepare and file a notice of appeal on your behalf and will appoint counsel to represent you. Do you understand that?
>
>THE DEFENDANT:   Yes, Your Honor.

Sent. Tr. at 59-60. Arguably, those instructions obviated the need for consultation by counsel. *See Flores-Ortega*, 528 U.S. at 479-80 (sentencing court's clear and informative instructions about appeal rights may substitute for counsel's duty to consult where counsel may reasonably decide that the information need not be repeated). Even if they did not, however, Dillard would need to show that either a rational defendant would have wanted to appeal or that he reasonably demonstrated

**Memorandum Decision and Order - 12**

a desire to appeal.

### a. Would a Rational Defendant Want to Appeal

A showing of non-frivolous grounds for appeal is a factor to be considered when determining whether a rational defendant would have wanted to appeal. *Flores-Ortega*, 528 U.S. at 480. While Dillard argues generally that the Plea Agreement did not preclude a direct appeal challenging the legality of his sentence or the application of the sentencing guidelines, he offers no grounds for such claims. Ms. Sison believed that an appeal would not likely have been successful even if the appeal waiver in the Plea Agreement could have been successfully challenged. *Letter to Mr. Peters* at 5-6 (Docket No. 12-2). Specifically, she indicated that neither an appeal based on the Probation Officer's guideline calculations nor the pre-*Booker* denial of the downward departure motion would have been successful. *Id.* The Court agrees. Furthermore, a rational person would not risk losing the benefits of the Plea Agreement dismissing 17 felony counts with their attendant statutory sentencing ranges of five to twenty years, $1,700 in additional special assessments, and a substantially increased fine potentional where there was no apparent ground for challenging the calculations.[6]

---

[6] Dillard was charged with five counts of transporting child pornography by computer and twelve counts of receiving child pornography on the internet in violation of 18 U.S.C. §§ 2252(a)(1) and (2), respectively. Those charges provide for imprisonment of not less than five years nor more than twenty years. *See* 18 U.S.C. § 2252(b)(1).

**Memorandum Decision and Order - 13**

### b. Did Dillard Reasonably Demonstrate to Counsel his Interest in Appealing.

As stated above, Dillard does not allege that he instructed Ms. Sison to file a notice of appeal after the sentencing. Rather, he relies on the January 2003 letter. That letter clearly indicates his opposition to the PSR calculations and the desire to file the "necessary paperwork" if the Judge sentenced him in accordance with the PSR calculations.

The Court cannot characterize the letter as a directive to appeal given that the letter was written almost a month prior to sentencing and prior to the revocation of his release, an event that significantly altered the sentencing landscape. This is especially so given that Dillard apparently did not renew that request at or immediately following sentencing. While Dillard was clearly unhappy with his sentence, his pre-sentence letter simply cannot be construed as an expression of his interest, at the time of sentencing, in appealing.

Although not referred to in his Amended § 2255 Motion, Dillard argues that a March 17, 2003 letter to FDEWI was further indication that he wanted to appeal. In that letter, Dillard expressed dissatisfaction with his sentence:

> I still ask the court for a little compassion etc. and to reduce my sentence by 6 mo. to 2 years. Or I guess it's called an appeal, or something like that. Can we do that, and would it make any difference, do you think, to at least try? Please let me know if theres (sic) anything we

**Memorandum Decision and Order - 14**

>    can do to try and get my sentence reduced even if its
>    something I do in exchange for a sentence reduction.

Although again obviously unhappy with his sentence, Dillard seems to be asking for guidance rather than seeking appeal. In fact, this letter, as did several other subsequent letters, speaks to a desire to have this Court reconsider the sentence rather than have an appellate court review it.[7]

Dillard's numerous letters to FDEWI indicate disagreement and dissatisfaction with the sentence as well as a desire to have this Court reconsider its sentence. However, the Court finds that Dillard did not reasonably demonstrate to counsel that he was interested in appealing.

### 2.    Prejudice

The Court need not address the prejudice prong of the *Strickland* test absent a finding of deficient performance. *See Strickland v. Washington, 466 U.S. 668, 697 (1984)*. However, even assuming counsel's performance was deficient, Dillard has not demonstrated prejudice. To establish prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed."

---

[7] Dillard contends that the letter was sent during the time in which counsel could have requested an extension of the time for filing the notice of appeal in accordance with Fed. R. App. P. 4(b)(4). However, granting such an extension is discretionary, and it is pure speculation that the Court would have granted the extension in this case.

**Memorandum Decision and Order - 15**

*Flores-Ortega*, 528 U.S. at 484.  The prejudice inquiry is similar to the deficient performance inquiry.  *Id.* at 486.  However, standing alone, evidence that a defendant sufficiently demonstrated an interest in appealing is insufficient to establish that he would have instructed counsel to appeal if he had received reasonable advice.  *Id.*  In considering whether a defendant has made the requisite showing that he would have appealed, a court may consider whether there were nonfrivolous grounds for appeal and whether he promptly expressed a desire to appeal.  *Id.* at 485.  However, a defendant need not demonstrate that his grounds were meritorious.  *Id.*

Even if his January 2003 and/or March 2003 letters were sufficient to demonstrate an interest in appealing, there are no non-frivolous grounds for appeal. Reasonable advice under the circumstances would be that his appeal was unlikely to be successful and that it could constitute a breach of the Plea Agreement ultimately resulting in reinstatement of the dismissed charges.  Dillard has not alleged that had he received that advice, he would have nonetheless instructed counsel to file a notice of appeal.

### C. Conclusion

The Court is aware that Dillard suffers some degree of diminished capacity and has taken that into consideration when reaching its determination of the issues.

**Memorandum Decision and Order - 16**

However, the Court also recalls its conclusions at the sentencing hearing that although Dillard is impaired, he is not significantly impaired. Sent. Tr. 46. The Court is also mindful of the testimony of his expert witness that he exaggerates his intellectual limitations.  Sent. Tr. 26-27.

As directed by *Flores-Ortega*, the Court has also considered that Dillard did not get the sentence for which he bargained and that he waived many of his appeal rights. *Id.* at 480. If this were a case in which Dillard had pled guilty expecting one sentence and received a sentence almost twice as long, the Court would have given considerable weight to that factor. However, the sentence imposed directly resulted from Dillard's repeated, serious violations of conditions of release. Although the guideline range was higher than anticipated in the Plea Agreement, the Court would have likely granted the motion for downward departure absent the violations given the Government's pre-violation apparent willingness to not object to the motion. Indeed, the violations played a large part in the Court's denial of the motion and imposition of the statutory maximum. Under these circumstances, the fact that Dillard received a sentence significantly higher than that for which he bargained did not weigh in Dillard's favor.

Because it plainly appears from the Amended § 2255 Motion, the exhibits, and the record of the prior proceedings that Dillard is not entitled to relief, the

**Memorandum Decision and Order - 17**

Government's Motion for Summary Judgment is granted and the Amended § 2255 Motion is denied without an evidentiary hearing.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Government's Motion for Summary Judgment (Docket No. 12) is GRANTED and Case No. CV-05-295-S-BLW is DISMISSED.

IT IS FURTHER HEREBY ORDERED that Dillard's Motion to Vacate (Docket No. 1) and Motion to Amend Motion to Vacate (Docket No. 11) are MOOT.



DATED:  **April 13, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 18**